UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW R. MULLINGS,

                                    Plaintiff,

        -against-

EDWARD BURNETT, Superintendent, Fishkill
Correctional Facility; MICHAEL DAYE, First
Dep. Superintendent, Fishkill Correctional
Facility; C. CHURNS, Captain, Fishkill
Correctional Facility; JOSEPH NOETH, Dep.
Comm. Facility Operations, N.Y.D.O.C.S. &
C.S.; DARREN MILLER, Chief Investigator
N.Y.D.O.C.S. & C.S. OSI; C.E.R.T. Officer,
ID#17-28; S. THOMPSON, Correctional Officer,
Fishkill Correctional Facility; M. PIERRE, RN,
Fishkill Correctional Facility, Medical Unit;
GAETAN ZAMILUS, MD, Fishkill Correctional
Facility, Medical Unit; JOHN DOE C.E.R.T.
OFFICER(S), #'s 1-40 that searched Housing
Unit 10-2,

                                    Defendants.

7:22-CV-7922 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

        Plaintiff Andrew R. Mullings, who is currently held in immigration detention in the

Buffalo Federal Detention Facility, in Batavia, New York, brings this *pro se* action under 42

U.S.C. § 1983, seeking declaratory relief and damages.[1] He sues the following defendants:

(1) Edward Burnett, the Fishkill Superintendent; (2) Michael Daye, the First Deputy Fishkill

Superintendent; (3) C. Churns, a Fishkill Correctional Captain; (4) Joseph Noeth, the New York

State Department of Corrections and Community Supervision's ("DOCCS") Deputy

Commissioner of Facility Operations; (5) Darren Miller, Chief Investigator of DOCCS's Office

_____

[1] Plaintiff filed his complaint while he was incarcerated in the Fishkill Correctional
Facility ("Fishkill").

of Special Investigations; (6) Fishkill Correctional Emergency Response Team ("CERT") Officer

"ID #17-28" ("CERT 17-28"); (7) S. Thompson, a Fishkill Correctional Officer and CERT

Officer; (8) M. Pierre, RN, a Fishkill nurse; (9) Gaetan Zamilus, MD, a Fishkill physician; and

(10) unidentified "John Doe" CERT Officers "#'s 1-40 that searched Housing Unit 10-2."

By order dated September 16, 2022, the Court granted Plaintiff's request to proceed *in
forma pauperis* ("IFP"), that is, without prepayment of fees.[2] The Court directs service on the

identified defendants, directs the identified defendants to comply with Local Civil Rule 33.2, and

directs the Attorney General of the State of New York to provide to Plaintiff and the Court the

identities, service addresses, and, if appropriate, badge numbers of the unidentified defendants.

## DISCUSSION

### A.    Service on the identified defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the identified defendants through the U.S. Marshals

Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and

---

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). Because Plaintiff is no longer incarcerated, and is in civil immigration detention, however, he is no longer obligated to pay the filing fee to bring this action. *See McGann v. Comm'r of Soc. Sec.*, 96 F.3d 28, 30 (2d Cir. 1996).

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

2

Return form ("USM-285 form") for each of the identified defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the identified defendants.

If the complaint is not served on the identified defendants within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## B.     Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. These discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, the identified defendants must serve responses to these standard discovery requests. In their responses, the identified defendants must quote each request verbatim.[4]

## C.     Unidentified defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DOCCS to identify the unidentified

---

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

defendants. It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of DOCCS, ascertain the identities, service addresses, and, if appropriate, badge numbers of the unidentified defendants whom Plaintiff seeks to sue here. The unidentified defendants include those CERT Officers (including CERT 17-28) who, on or about December 29, 2021, escorted Plaintiff from his Fishkill cell to his housing unit's recreation room and to any room adjacent to that recreation room. The Attorney General must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing service on the newly identified defendants and directing their compliance with Local Civil Rule 33.2.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to issue summonses for Defendants Burnett, Daye, Churns, Noeth, Miller, Thompson, Pierre, and Zamilus; complete the USM-285 forms with the addresses for these defendants; and deliver all documents necessary to effect service on these defendants to the U.S. Marshals Service.

4

The Court further directs the Clerk of Court to mail a copy of this order and the complaint to the Attorney General of the State of New York at: 28 Liberty Street, 16th Floor, New York, New York 10005.

An amended complaint form is attached to this order.

SO ORDERED.

Dated:   10/14/22
        White Plains, New York

_____

CATHY SEIBEL
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.  Edward Burnett, Superintendent
    Fishkill Correctional Facility
    18 Strack Drive
    Beacon, New York 12508-0307

2.  Michael Daye, First Deputy Superintendent
    Fishkill Correctional Facility
    18 Strack Drive
    Beacon, New York 12508-0307

3.  Captain C. Churns
    Fishkill Correctional Facility
    18 Strack Drive
    Beacon, New York 12508-0307

4.  Joseph Noeth, Deputy Commissioner for Facility Operations
    New York State Department of Corrections & Community Supervision
    1220 Washington Avenue, Building #2
    Albany, New York 12226

5.  Darren Miller, Chief Investigator, Officer of Special Investigations
    New York State Department of Corrections & Community Supervision
    1220 Washington Avenue, Building #2
    Albany, New York 12226

6.  Correctional Officer S. Thompson
    Fishkill Correctional Facility
    18 Strack Drive
    Beacon, New York 12508-0307

7.  M Pierre, RN
    Fishkill Correctional Facility
    18 Strack Drive
    Beacon, New York 12508-0307

8.  Gaetan Zamilus, MD
    Fishkill Correctional Facility
    18 Strack Drive
    Beacon, New York 12508-0307

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

_____
Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                 Middle Initial           Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                        State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.      STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____

Dated                                                             Plaintiff's Signature

_____

First Name                      Middle Initial           Last Name

_____

Prison Address

_____

County, City                                   State                      Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____