UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREW R. MULLINGS,

                Plaintiff,

     -against-

EDWARD BURNETT, *et al.*,

                Defendants.

No. 22-CV-7922 (CS)

ORDER OF SERVICE

---

CATHY SEIBEL, United States District Judge:

     Plaintiff, who is currently held in immigration detention in Buffalo Federal Detention Facility, in Batavia, New York, brings this *pro se* action ufnder 42 U.S.C. § 1983, seeking declaratory relief and damages.  In his initial Complaint, Plaintiff brought claims against (1) Edward Burnett, the Fishkill Superintendent; (2) Michael Daye, the First Deputy Fishkill Superintendent; (3) C. Churns, a Fishkill Correctional Captain; (4) Joseph Noeth, the New York State Department of Corrections and Community Supervision's ("DOCCS") Deputy Commissioner of Facility Operations; (5) Darren Miller, Chief Investigator of DOCCS's Office of Special Investigations; (6) Fishkill Correctional Emergency Response Team ("CERT") Officer "ID #17-28" ("CERT 17-28"); (7) S. Thompson, a Fishkill Correctional Officer and CERT Officer; (8) M. Pierre, RN, a Fishkill nurse; (9) Gaetan Zamilus, MD, a Fishkill physician; and (10) unidentified "John Doe" CERT Officers "#'s 1-40 that searched Housing Unit 10-2."  (ECF No. 2.)

     By order dated October 17, 2022, the Court directed the Clerk of Court to issue summonses for the identified Defendants and deliver to the U.S. Marshals Service all the

paperwork necessary for it to effect service on the identified Defendants. (ECF No. 10 at 2-3.)[1] The Court also directed the Attorney General of the State of New York to identify the unidentified officers, including "CERT 17-28," who "escorted Plaintiff from the Fishkill cell to his housing unit's recreation room and to any room adjacent to that recreation room," and directed Plaintiff to amend his Complaint naming the newly identified defendants. (*Id.* at 4.)

On December 16, 2022, the Attorney General identified Correction Officer Chad LeClair as "CERT 17-28" and requested to modify the *Valentin* order to "direct disclosure of the names and service addresses for only those CERT Officers against whom the allegations suggest personal involvement" and to direct Plaintiff to provide additional identifying information as to those officers. (ECF No. 36.) On January 3, 2023, the Court ordered Plaintiff to provide further identifying information as to those officers and do so by numbering the officers as John Doe 1, 2, 3, etc. (ECF No. 43.) On January 27, 2023, Plaintiff submitted a letter in which he was unable to provide identifying information as to the remaining John Does and instead requested narrowing the officers' identification down through "process of elimination." (ECF No. 45.) On March 2, 2023, the Attorney General responded that, based on Plaintiff's supplemental information, "no specific CERT Officer can be identified with any certainty" but that "Plaintiff may intend to proceed against CERT Officer 66-71, Correction Officer Steve Farrell." (ECF No. 46.) On April 6, 2023, Plaintiff filed his Amended Complaint, in which he added Chad LeClair, J. Willson, and Steve Farrell as Defendants and also named "John Doe C.E.R.T. Officer(s), #'s 1-38 that searched Housing Unit 10-2." (ECF No. 50.) In addition to adding new Defendants,

---

[1] As of April 28, 2023, the Marshals Service had effectuated service on Defendants Burnett, Churns, Daye, Thompson, Pierre, and Zamilus, and attempted service on Miller and Noeth. The Marshals Service has represented to the Court that it will effectuate service on Miller and Noeth in person within thirty days of April 28, 2023.

Plaintiff amended his complaint to add allegations that Defendant J. Willson deprived Plaintiff of access to his legal papers upon his being transferred to Buffalo Federal Detention Facility. (*Id.* at 19-21)

Because Plaintiff has been granted permission to proceed *in forma pauperis* (IFP),[2] Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

Service is required on Defendants LeClair, Willson, and Farrell. To permit service on those three Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff does not make any allegations against the remaining John Doe Defendants and does not supply sufficient information to permit the attorney for or agent of DOCCS to identify them. The Court therefore declines, at this time, to issue a *Valentin* order seeking the identities of John Does #1-38

---

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). Because Plaintiff is no longer incarcerated, and is in civil immigration detention, however, he is no longer obligated to pay the filing fee to bring this action. *See McGann v. Comm'r of Soc. Sec.*, 96 F.3d 28, 30 (2d Cir. 1996).

## CONCLUSION

The Clerk of Court is instructed to issue summonses, complete the USM-285 forms with the addresses for Defendants LeClair, Willson, and Farrell, and deliver to the U.S. Marshals Service all documents necessary to effect service on these Defendants.

The Clerk of Court is instructed further to send a copy of this order to the Attorney General of the State of New York at: 28 Liberty Street, New York, NY 10005.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated:   May 1, 2023
         White Plains, New York

*Cathy Seibel*

———————————————
CATHY SEIBEL
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Chad LeClair

    Wallkill Correctional Facility

    50 McKendrick Road

    P.O. Box G

    Wallkill, NY 12589-0286

2. Steve Farrell

    Fishkill Correctional Facility

    18 Strack Drive

    Beacon, NY 12508

3. J. Willson

    Fishkill Correctional Facility

    18 Strack Drive

    Beacon, NY 12508